WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
DISTRICT OF IDAHO

LORI A. HENDRICKSON
KATHLEEN M. BARRY
TRIAL ATTORNEYS
DEPARTMENT OF JUSTICE, TAX DIVISION

801 EAST SHERMAN STREET
POCATELLO, IDAHO 83201
TELEPHONE: (202) 514-2174
FACSIMILE: (202) 514-9623

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN PEIRSOL,<br><br>Defendant. | Case No. 4:17-cr-19-BLW<br><br>**RULE 11 PLEA AGREEMENT** |

## I. GUILTY PLEA

**A. Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will plead guilty to Count One of the Information, which charges the defendant with aiding and abetting the preparation of a false 2011 individual income tax return for client G.K., in violation of 26 U.S.C. § 7206(2).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this agreement, the government will not bring any additional charges arising from the same conduct or series of transactions charged in the Information, under Federal Rule of Criminal Procedure 11(c)(1)(A) and under Federal Rule of Criminal Procedure 11(c)(1)(B). The parties will jointly recommend a sentence of: 1) 12 months and one day; 2) a term of supervised release of one year; 3) $62,241 restitution to the Internal Revenue Service (IRS); 4) $100 special assessment; 5) $0 fine; and 6) entry of a permanent injunction barring the defendant from preparing income tax returns for any individual or entity other than himself.

**B. Oath.** The defendant will be placed under oath at the plea hearing. The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

## II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the defendant and to persist in that

[1] The word "government" in this Plea Agreement refers to the United States Attorney's Office for the District of Idaho and the Tax Division of the United States Department of Justice.

plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; 6) the right not to testify or present evidence without having that held against the defendant; and 7) the right to be indicted by a federal grand jury. If the court accepts the defendant's guilty plea, there will be no trial.

## III. NATURE OF THE CHARGES

**A. Elements of the Crime.** The elements of the crime of aiding and abetting the preparation of a false individual income tax return, in violation of 26 U.S.C. § 7206(2), as charged in Count One, are as follows:

**First**, the defendant aided, procured, counseled, or advised the preparation of a tax return;

**Second**, the tax return was false as to a material fact; and

**Third**, the defendant acted willfully.

**B. Factual Basis.** If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt: Defendant owns and operates J&J Chemical, Inc., a janitorial chemical supply company in Blackfoot, Idaho. Defendant has a bachelor's degree in finance and he is also a return preparer, preparing and filing tax returns under the name JJ Accounting Inc. Peirsol has been preparing tax returns as a paid preparer since about 2007.

During 2009, 2010, 2011 and 2012 defendant prepared at least 1100 individual income tax returns for clients who paid him for his services. Defendant prepared false income tax returns by adding false itemized deductions to Schedule A without the knowledge or consent of his clients. The most common fraudulent expense was medical expenses, often claiming thousands of dollars

which was equivalent to 25% of the reported income. All clients who were interviewed about such an expense said it was false and that they had no discussion with defendant about medical expenses and did not provide him any documentation regarding medical expenses. Defendant also added false education expenses to many income tax returns without the knowledge or consent of the client. Additionally, for some of the tax returns he prepared, defendant diverted a portion of the tax refund into a bank account he controlled without the knowledge or consent of the client.

Defendant also failed to report any of the fees he collected for preparing income tax returns for clients in 2009, 2010, 2011 and 2012. The parties agree that the total tax loss caused by defendant's conduct is $62,441.

On March 19, 2012, defendant prepared and filed a 2011 individual income tax return for client G.K. which claimed a fraudulent refund of $6,305 based on a false education credit of $2,186 which defendant added to the income tax return without client G.K.'s knowledge. Defendant also directed $2,186 of the refund from this income tax return to a bank account which defendant controlled, which was not authorized or known by client G.K.

## IV. SENTENCING FACTORS

**A. Penalties.** The crime of aiding and abetting the preparation of a false individual income tax return, in violation of 26 U.S.C. § 7206(2), as charged in Count One, is punishable by:

1. a term of imprisonment of three years;
2. a term of supervised release of not more than one year;
3. a maximum fine of $250,000, and a special assessment of $100.

**B. Supervised Release.** The court may impose a period of supervised release. The parties jointly recommend a term of supervised release of one year.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the defendant is pleading guilty.

Violation of any condition of supervised release may result in further penalties and/or prosecution.

**C. Fines and Costs.** The court may impose a fine. The parties jointly recommend $0 fine because the defendant has agreed to pay restitution to the IRS. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D. Special Assessment.** The defendant will pay the special assessment of $100 before sentencing and will furnish a receipt at sentencing. Payment will be made to:

The United States District Court, Clerk's Office
Federal Building and United States Courthouse
801 East Sherman Street
Pocatello, Idaho 83201

**E. Restitution.** Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $62,441, pursuant to 18 U.S.C. § 3663(a)(3), for the income tax owed to the IRS based on return preparation fees and fraudulent refunds defendant personally received.

1. Defendant agrees that the total amount of restitution reflected in this agreement results from all of defendant's fraudulent conduct, including relevant conduct as stated in the Factual Basis, and is not limited to the count in the Information.

2. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. The parties also agree that defendant will make monthly payments of at least $100 which will begin during his one-year term of supervised release following his prison sentence. Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

3. If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release or

probation, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Interest on the restitution-based assessment will accrue under 26 U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of the liability that is the subject of the restitution order to the date that the IRS receives payment.

4. Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution pursuant to this agreement. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

5. Defendant agrees not to file any claim for refund of taxes or penalties represented by an amount of restitution paid pursuant to this agreement.

6. The parties understand that defendant will receive proper credit, consistent with the paragraphs above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

**F. Cooperation with IRS.** Defendant agrees to meet with and cooperate with IRS regarding unreported individual income and unpaid individual income taxes owed by defendant for the years 2009, 2010, 2011 and 2012.

**G. Permanent Injunction.** Defendant consents to the entry of a permanent injunction barring him from preparing income tax returns for any individual or entity other than himself.

## V. UNITED STATES SENTENCING GUIDELINES (Guidelines or USSG)

**A. Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the court is not bound by this agreement, the parties have agreed to make joint recommendations and requests as set forth below.

**B. Sentencing Guidelines Recommendations and Requests.**

1. **Tax loss.** The parties agree that the tax loss caused by defendant's conduct is $62,441.

2. **Parties' joint recommendation.** The parties agree and jointly recommend the following: A) custodial sentence of 12 months and one day; B) a term of one year of supervised release; C) $62,441 restitution to the IRS; D) a $0 fine; E) $100 special assessment; and F) the entering of a permanent injunction barring defendant from preparing income tax returns for anyone besides himself in the future.

3. **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is

level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

4. **Downward Departure or Variance Request by defendant.** Since the parties are making joint sentencing recommendations, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a).

## VI. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A. **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution (both the amount and the scope of restitution).

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

**B. Exceptions:**

1. **Direct Appeal:** Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

a. the sentence imposed by the court exceeds the statutory maximum;

b. the court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

c. the court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the court.

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement. Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII. DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest. The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government. If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the

date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure to timely and accurately complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## IX. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## X. CONSEQUENCES OF VIOLATING AGREEMENT

**A. Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further

prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea made pursuant to this agreement.

**B. Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a speedier manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the defendant does not enter an acceptable plea, the government will seek an indictment based on information now known to the government.

## XI. MISCELLANEOUS

**A. No Other Terms**. This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho and the Tax Division

of the United States Department of Justice). The government will bring the defendant's guilty plea to the attention of other prosecuting authorities at the request of defendant's counsel.

**B. Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. EST on Friday, January 13, 2017.

**C. Risk of Removal from the United States.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however. While arguments may be made in such a proceeding, it is virtually certain that defendant will be removed from the United States. The defendant nevertheless affirms that the defendant wants to plead guilty.

//

//

//

//

//

//

//

//

//

//

//

## XII. APPROVAL OF UNITED STATES

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

________________________ 1/24/2017
LORI A. HENDRICKSON Date
KATHLEEN M. BARRY
Trial Attorneys
Tax Division, U.S. Department of Justice

## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the government, including any Assistant United States Attorney or Trial Attorney, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by

pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

Jan 17th, 2017

JONATHAN PEIRSOL
Defendant

Date

I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

TRACY J. CRANE
Attorney for the defendant

1/18/2017
Date

BRYCE LLOYD
Attorney for the defendant

Date

pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

JONATHAN PEIRSOL
Defendant

Date

I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

TRACY J. CRANE
Attorney for the defendant

Date

BRYCE LLOYD
Attorney for the defendant

1-19-17
Date